# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **CHRIS ADAM VALENTINE,** <br><br> *Defendant.* | **CRIMINAL ACTION NO.** <br> **3:23-cr-00025-TES-CHW-1** |

## ORDER GRANTING DEFENDANT'S UNOPPOSED
## MOTION TO CONTINUE TRIAL IN THE INTEREST OF JUSTICE

Before the Court is Defendant Chris Adam Valentine's Unopposed Motion to Continue Trial in the Interest of Justice [Doc. 21]. On December 12, 2023, the Grand Jury returned a multi-count indictment charging Defendant with various crimes related to child pornography. [Doc. 1]. On January 8, 2024, Defendant was arrested. Defendant pled not guilty at his arraignment on January 9, 2024, and was detained pending trial. [Doc. 10]; [Doc. 14]. The same day, the Court issued a Notice of Pretrial Conference scheduled for January 17, 2024. [Doc. 13]. On January 13, 2024, the Court granted the Government's Unopposed Motion to Continue Trial in the Interest of Justice [Doc. 19] and continued this case—for the first time—to April 22, 2024. [Doc. 20]. Defendant filed this Motion on February 21, 2024, seeking "a continuance from [that date] to the next available" trial date. [Doc. 21, p. 2].

Defendant states that he has received "limited discovery" from the Government

because, due to the nature of this case, "a significant portion of the evidence . . . allegedly contains child sexual assault material (CSAM)." [*Id.* at p. 2]. Because of its allegedly sensitive content, much of "the evidence must be reviewed in person by the defense." [*Id.* at p. 2]. According to Defendant, additional time is necessary to review the evidence in person, for the defense to conduct their own forensic examination of the evidence, and for defense counsel to complete any further investigations that may arise from that forensic examination. [*Id.* at pp. 2–3]. Counsel for Defendant states that the Government is unopposed to this Motion. [*Id.* at p. 3].

The Court finds that granting Defendant's request serves the ends of justice. The Court further finds that the ends of justice served by granting Defendant's request outweigh the interests of Defendant and the public in a speedy trial. Failure to grant a continuance would deprive the parties of the time needed to review discovery, prepare for trial, and engage in meaningful negotiation. Thus, the Court **GRANTS** Defendant's Motion [Doc. 21] and **CONTINUES** this case to June 24, 2024.[1] The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

**SO ORDERED**, this 21st day of February, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] This case holds the #1 spot on the Court's calendar for June 24, 2024. Further continuances in this matter are unlikely to be granted.

2